IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  05-30050 |
| | ) | |
| SHAWN W. BLAND, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter is before the Court on Defendant Shawn W. Bland's First Motion in Limine (d/e 21).  Bland is charged in a three-count Indictment (d/e 3) with armed bank robbery in violation of 18 U.S.C. § 2113(a) & (d) (Count I), carrying and using a firearm during a crime of violence in violation of 18 U.S.C. § 924(c)(1) (Count II), and possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g) & 924(a)(2).  On October 21, 2005, this Court allowed Bland's Motion to Sever Counts I and II from Count III for trial.  Text Order, October 21, 2005.  Bland has filed the instant Motion in Limine in which he seeks an order barring the Government from introducing evidence of his prior felony convictions to

1

impeach his credibility should he elect to testify at the trial on Counts I and II. Alternatively, Bland asks the Court to bar the Government from referring to the name or nature of any of his prior felony convictions to impeach his credibility. For the reasons set forth below, Bland's Motion is allowed, in that the Government is barred from impeaching Bland with any evidence of his prior Armed Robbery conviction, should he elect to testify at trial.

Bland's Motion states that he has reason to believe that, if he elects to testify at trial, the Government will seek to introduce evidence of his prior felony convictions for the purpose of impeaching his credibility. According to the Motion, the United States Probation Office has not yet compiled a list of Bland's prior convictions; however, the Illinois Department of Corrections lists Bland as having been convicted of Armed Robbery in Sangamon County, Illinois. Federal Rule of Evidence 609 provides that evidence that an accused has been convicted of a crime punishable by death or imprisonment in excess of one year shall be admitted for the purpose of attacking credibility "if the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the accused." Fed. R. Evid. 609(a)(1). Armed robbery is a felony in Illinois,

punishable by imprisonment in excess of one year. Furthermore, Bland's prior conviction is less than ten years old, taking the case outside of the special provisions of Rule 609(b). Therefore, the Court must consider whether the probative value of admitting evidence of Bland's prior Armed Robbery conviction outweighs its prejudicial effect.

> The Seventh Circuit has recognized that:
>
> [i]n determining whether the probative value of admitting a prior conviction outweighs its prejudicial effect, the court should consider: "(1) the impeachment value of the prior crime; (2) the point in time of the conviction and the defendant's subsequent history; (3) the similarity between the past crime and the charged crime; (4) the importance of the defendant's testimony; and (5) the centrality of the credibility issue."

United States v. Gant, 396 F.3d 906, 909 (7th Cir. 2005) (quoting Rodriguez v. United States, 286 F.3d 972, 983 (7th Cir. 2002)). After considering these factors as set forth below, the Court concludes that the probative value of Bland's prior Armed Robbery conviction does not outweigh its prejudicial effect. Therefore, should Bland elect to testify at the trial on Counts I and II, the Government is barred from impeaching him with any evidence of his prior Armed Robbery conviction.

Turning to the first factor, the Court must consider the impeachment value of the prior crime. The Court recognizes that, in general, prior

3

felonies have some probative value on the issue of credibility. However, the Court notes that Bland's prior conviction for Armed Robbery was not a <u>crimen</u> <u>falsi</u>, such as perjury, subornation of perjury, false statement, criminal fraud, or the like. Armed robbery is primarily a crime of violence; thus, the Court finds that the first factor weighs in favor of exclusion.

The Court must then consider the point in time of the prior conviction and the Defendant's subsequent history. The Court notes that the parties' submissions are inconsistent with respect to the date of Bland's prior conviction, and neither side has introduced evidence on the issue. Bland asserts that he was convicted in December 2000, while the Government asserts that Bland was convicted in August 2002. The Government contends that Bland was released from parole on the Armed Robbery in September 2004; Bland does not address his imprisonment or parole. Regardless of whether the conviction occurred in December 2000 or August 2002, the second factor weighs in favor of admissibility because either date is relatively recent.

The third factor that the Court must consider is the similarity between the past crime and the charged crime. Clearly, this factor weighs against admissibility, a fact which the Government concedes. Bland's prior

conviction was for Armed Robbery; he is now charged with armed bank robbery and carrying and using a firearm during a crime of violence. The Court recognizes that the similarity alone is not controlling to the question of admissibility, but rather it remains one factor that the Court must consider. In this instance, the similarity between the prior conviction and the pending charges is very strong, which greatly enhances the prejudice to the Defendant if the prior conviction is used to impeach.

The importance of the Defendant's testimony is the fourth factor to consider. Bland asserts that his testimony is critical to his defense, but he does not elaborate. The Government notes that Bland has not given notice of any alibi witnesses and asserts that Bland's testimony may be the only evidence of his innocence. Under these circumstances, Bland's testimony is significant. The Court recognizes that '[k]nowledge that one's prior convictions will be admitted tends to deter a defendant from testifying; there is an understandable fear that jurors will disregard any limiting instructions that the Court gives and will assume that because the defendant has committed crimes in the past, he likely committed the charged crime." United States v. Smith, 181 F.Supp.2d 904, 910 (N.D. Ill. 2002). It appears that this is not a case in which the Defendant could present his

5

defenses through other witnesses, obviating his need to testify and to risk impeachment. See, e.g., United States v. Causey, 9 F.3d 1341, 1344 (7th Cir. 1993) (considering the fact that several other witnesses reiterated the Defendant's testimony, obviating the Defendant's need to testify in order to raise his defenses). The Court weighs this fourth factor in favor of exclusion of the evidence of the prior conviction.

Finally, the Court must consider the centrality of Bland's credibility. Bland himself asserts that "[i]t is entirely possible that defendant's ability to testify will determine the outcome of this case." Motion in Limine, ¶ 7. Under the circumstances of this case, it appears that Bland's credibility will be a central issue. Evidence of the prior conviction of Armed Robbery does at least touch upon credibility; the fifth factor, thus, weighs in favor of admissibility.

Considering all of the factors set forth above, the Court finds that, on balance, the possible prejudice from admitting Bland's prior Armed Robbery conviction outweighs its probative value. The Court recognizes that Bland's credibility will be central to the case, and the prior conviction is fairly recent. However, the impeachment value of the prior conviction is relatively low, the prior conviction is very similar to the pending charges which would

result in great prejudice to Bland if introduced, and Bland's testimony is important to the case.  The prejudice to Defendant, if the prior conviction is used to impeach him, outweighs its probative value.

THEREFORE, for the reasons set forth above, Bland's First Motion in Limine (d/e 21) is ALLOWED.  Should Bland elect to testify at the trial on Counts I and II, the Government is barred from impeaching him with any evidence of his prior Armed Robbery conviction.

IT IS THEREFORE SO ORDERED.

ENTER:   November 22, 2005.

FOR THE COURT:

s/ Jeanne E. Scott<br>JEANNE E. SCOTT<br>UNITED STATES DISTRICT JUDGE