IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  05-30050 |
| | ) | |
| SHAWN BLAND, | ) | |
| | ) | |
| Defendant. | ) | |

**<u>OPINION</u>**

JEANNE E. SCOTT, U.S. District Judge:

This matter came before the Court on August 4, 2006, for sentencing of Defendant Shawn Bland.  Bland was present in person and through his counsel, Assistant United States Public Defender Karl Bryning.  The Government was present through Assistant United States Attorneys Gregory Harris and Patrick Chesley.  On December 7, 2005, a jury convicted Bland of armed bank robbery in violation of 18 U.S.C. § 2113 (Count 1) and carrying and using a firearm during a crime of violence in violation of 18 U.S.C. § 924(c) (Count 2).  The jury returned a special finding that Bland had brandished a firearm during and in relation to the armed bank robbery.  Following the verdict, the Government moved to dismiss Count 3.  The

1

Court allowed the Government's Motion, and the matter proceeded to sentencing.

The Court was in receipt of a Revised Presentence Report (PSR), dated April 20, 2006, prepared by the United States Probation Office. The Government objected to the PSR's recommendation that a U.S.S.G. § 3C1.1 enhancement for obstruction of justice was not appropriate. The Government sought this two-level enhancement based on a post-verdict letter that Bland sent to the Court. For reasons stated of record, the Court denied the Government's objection. There were no other objections, and thus, the Court accepted the PSR as written and adopted its findings.

On Count 1, the Court found that Bland had a base offense level of 20. Bland's offense level was increased by two levels based on the fact that he took currency belonging to a financial institution, which resulted in a final offense level of 22 on Count 1. See U.S.S.G. § 2B3.1(b)(1). The Court noted that Count 2 could not be grouped with Count 1 and required a consecutive term of imprisonment to Count 1 that was not less than seven years. Bland had six criminal history points, placing him in Category III.[1]

---

[1] The Court noted that Bland had personally expressed concern about the computation of his criminal history category in a Letter (d/e 47) to the Court. Therefore, the Court explained in open court why it believed the computation to be correct. Bland

An offense level of 22 and criminal history Category III resulted in a U.S.S.G. sentencing range for Count 1 of 51 to 63 months imprisonment in Zone D of the Guideline range.[2]

THEREFORE, after considering the case file, the PSR, the statements of counsel, the evidence presented, the applicable sentencing Guidelines, and the sentencing factors set forth in 18 U.S.C. § 3553(a), the Court sentenced Bland to 63 months imprisonment on Count 1 followed by a consecutive term of 84 months imprisonment on Count 2.[3] Bland was ordered to pay a $200 special assessment and $4,575.00 in restitution to National City Bank, 802 South 11th St., Springfield, Illinois. Based on Bland's financial profile, the Court imposed no fine. The Court ordered the special assessment and restitution to be paid as follows: (1) while incarcerated, Bland was directed to make payments of either quarterly installments of at least $25.00 dollars if working in a non-UNICOR position

---

indicated his satisfaction with the Court's explanation and with his attorney's assistance regarding sentencing.

[2]The Court noted that the U.S.S.G. were advisory, pursuant to United States v. Booker, 125 S. Ct. 738 (2005).

[3]The Government filed a Sentencing Commentary (d/e 44) asking the Court to consider evidence of Bland's involvement in a separate uncharged bank robbery. The Court, however, declined to do so.

or a minimum of 50 percent of his monthly earnings if he is working in a UNICOR position and (2) upon release from confinement, Bland was ordered to make monthly payments at a rate of at least one-third of his disposable monthly income or at least $25.00 per month, whichever is greater. The Court ordered Bland to serve a period of five years of supervised release on each of Counts 1 and 2 to run concurrently following his release from prison. The Court advised Bland of his appeal rights.

    IT IS THEREFORE SO ORDERED.

ENTER: August 14, 2006.

    FOR THE COURT:

                                      s/ Jeanne E. Scott
                                  JEANNE E. SCOTT
                     UNITED STATES DISTRICT JUDGE