IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,  )<br>    )<br>    Plaintiff,  )<br>    )<br>v.   )<br>    )<br>SHAWN WILLIAM BLAND,  )<br>    )<br>    Defendant.  ) | Case No. 05-cr-30050 |

## OPINION

**SUE E. MYERSCOUGH, U.S. District Judge:**

Before the Court is Defendant Shawn Bland amended motion for compassionate release (d/e 155) requesting a reduction in his term of imprisonment pursuant to 18 U.S.C. § 3582(c)(1)(A).  For the reasons set forth below, the motion is DENIED.

### I. BACKGROUND

On December 7, 2005, a jury found Defendant guilty of armed bank robbery in violation of 18 U.S.C. § 2113(a) and (d), as charged in Count One of the Indictment.  The jury also found Defendant guilty of carrying and using a firearm during a crime of violence in violation of 18 U.S.C. § 924(c)(1), as charged in Count Two of the Indictment.

On August 4, 2006, United States District Judge Jeanne Scott sentenced Defendant to 147 months' imprisonment, consisting of 63 months' imprisonment on the armed bank robbery count and a consecutive 84 months' imprisonment on the firearm count.  Judge Scott also imposed a five-year term of supervised release on each count.  Defendant's initial term of supervised release commenced on December 18, 2017.

On January 14, 2019, the Court revoked Defendant's term of supervised release because Defendant possessed and used marijuana on three occasions.  The Court sentenced Defendant to six months' imprisonment and two years of supervised release on each count, with the sentences to run concurrently.  Defendant's supervised release recommenced on June 28, 2019.

On March 13, 2020, the Court again revoked Defendant's term of supervised release because Defendant possessed marijuana and methamphetamine, resisted arrest, and fled from federal law enforcement officers.  The Court sentenced Defendant to 12 months' imprisonment and 24 months of supervised release on each count, with the sentences to run concurrently.  Defendant is currently serving his sentence at the Livingston County Jail and

has a projected release date of January 9, 2021.

On April 14, 2020, Defendant filed a pro se motion for compassionate release (d/e 152) pursuant to 18 U.S.C. § 3582(c)(1)(A).  On April 28, 2020, Defendant filed an amended motion for compassionate release.  Defendant requests compassionate release due to his health issues and the COVID-19 pandemic.  Defendant has only one kidney and suffers from a low red blood cell count.  Defendant claims that his remaining kidney does not function at full capacity.

Defendant proposes to live with his wife, father-in-law, and stepdaughters if he is released from custody.  The United States Probation Office, in a Memorandum (d/e 160) addressing Defendant's request for compassionate release, concludes that Defendant's proposed residence is unsuitable at this time.  To the probation officer who inspected the residence, the residence "appeared to be very crowded and too small for six people." Memorandum (d/e 160), at 2.

The Memorandum notes that Defendant's wife has, in the past, filed for an Order of Protection against Defendant and reported physical altercations between her and Defendant.  Id. at 3.

In addition, Defendant's wife has criminal charges for home invasion, criminal trespass to residence, and battery pending against her. Id. at 2.

According to the United States Marshals Service, there are no reported cases of COVID-19 in the Livingston County Jail. Id. at 2. Defendant's amended motion notes that the jail has implemented several procedures designed to ensure that the virus does not enter the facility. Motion (d/e 155), at 20-21.

On May 1, 2020, the Government filed a Response Opposing Defendant's Amended Motion for Compassionate Release (d/e 159). The Government argues that the Court lacks the authority to grant Defendant's motion because Defendant has not exhausted his administrative rights with the Bureau of Prisons (BOP) or waited 30 days from the time a request to BOP regarding a motion for compassionate release was made. The Government also argues that Defendant has failed to present any extraordinary and compelling reasons warranting a reduction in his term of imprisonment.

The Government's response states that the Livingston County Jail has implemented additional procedures not mentioned in

Defendant's amended motion that are designed to prevent inmates from contracting COVID-19.  Response (d/e 159), at 16.  Medical records attached to the Government's response establish that Defendant had a kidney removed in August 2010 and currently suffers from anemia.  Medical Records (d/e 159-1), at 4-5.  A lab report from March 2019 suggests that Defendant does not suffer from chronic kidney disease.  See id. at 91.  Nothing in the medical records indicates that Defendant undergoes dialysis.

## II. ANALYSIS

As a general matter, the Court is statutorily prohibited from modifying a term of imprisonment once it has been imposed.  See 18 U.S.C. § 3582(c).  However, several statutory exceptions exist, one of which allows the Court to grant a defendant compassionate release if certain requirements are met.  See 18 U.S.C. § 3582(c)(1)(A).

Section 603(b)(1) of the First Step Act amended the statutory language at 18 U.S.C. § 3582(c)(1)(A).  See First Step Act of 2018, Pub. L. No. 115-391, 132 Stat 5194.  Prior to the First Step Act, the Court could grant a defendant compassionate release only if the Director of the BOP filed a motion seeking that relief.  With the

enactment of the First Step Act, 18 U.S.C. § 3582(c)(1)(A) now allows an inmate to file with the Court a motion for compassionate release, but only after exhausting administrative review of a BOP denial of the inmate's request for BOP to file a motion or waiting 30 days from when the inmate made his or her request, whichever is earlier. The statute now provides as follows:

> The court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A).

Having considered the relevant factors set forth in 18 U.S.C. § 3553(a), the Court concludes that Defendant has not established that extraordinary and compelling reasons warrant a reduction in

his term of imprisonment.  The spread of COVID-19 has presented extraordinary and unprecedented challenges for the country and poses a serious issue for prisons.  Due to the infectious nature of the virus, the Centers for Disease Control and Prevention (CDC) and state governments have advised individuals to practice good hygiene and social distancing and isolation.  Socially distancing can be difficult for individuals living or working in a jail.

However, the COVID-19 pandemic does not warrant the release of every federal prisoner with health conditions that may make him more susceptible to the disease.  The CDC has determined that COVID-19 may present a more serious risk to individuals with chronic kidney disease being treated with dialysis.  Groups at Higher Risk for Severe Illness, Centers for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/groups-at-higher-risk.html (last accessed May 6, 2020).  Although Defendant has only one kidney and suffers from anemia, he does not suffer from chronic kidney disease or undergo dialysis.

In addition, Defendant does not have a suitable residence to release to if the Court were to grant his motion for compassionate

release.  The residence is already home to five individuals, one of whom—Defendant's wife—has serious criminal charges pending against her.  And Defendant's wife has reported that there have been physical altercations between her and Defendant in the past.

As of today, there are no confirmed cases of COVID-19 at the Livingston County Jail, the facility where Defendant is housed.  As both parties note, the jail has implemented procedures designed to prevent inmates from contracting COVID-19.  At this time, Defendant may be more likely to contract COVID-19 if released from custody.

Further, Defendant has approximately 8 months left on his 12-month sentence, which was imposed after Defendant, while on supervised release, possessed marijuana and methamphetamine, resisted arrest, and fled from federal law enforcement officers.  Defendant has a history of armed robbery and possessing firearms illegally, and his supervised release was revoked on two occasions just 14 months apart.

### III. CONCLUSION

For the reasons set forth above, Defendant Shawn Bland's amended motion for compassionate release (d/e 155) and

Defendant's pro se motion for compassionate release (d/e 152) are DENIED. This ruling does not preclude Defendant from filing another motion for compassionate release in the future if circumstances change.

ENTER: May 7, 2020

*/s/ Sue E. Myerscough*
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE